

FILED
DISTRICT COURT OF GUAM
SEP 23 2022
JEANNE G. QUINATA
CLERK OF COURT

THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO C. ARIAS,<br><br>Defendant. | Criminal Case No. 14-00009<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)** |

Before the court is Defendant Francisco C. Arias's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See* Mot., ECF No. 1188. Therein, Defendant moves the court to modify his sentence to time served. Mot. at 12, ECF No. 1188.[1] Having reviewed the record and relevant caselaw, the court **DENIES** the motion.

I. **Procedural Background**

On March 19, 2014, Defendant was indicted as follows. Count 1: Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii); Count 2: Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. 1956(a)(1)(A)(i) and (h); and Counts 3 & 6: Unlawful Use of Mail to Facilitate the Conspiracy to Distribute Methamphetamine, in violation of 18 U.S.C. 1952(a)(3). ECF No. 1.

---

[1] The page citations throughout this order are based on the page numbering provided by the CM/ECF system.

On November 6, 2014, a jury returned a guilty verdict, finding Defendant guilty of all counts. ECF No. 279. On April 26, 2017, Defendant was originally sentenced as follows. Count 1: life imprisonment; 5 years supervised release; Count 2: 20 years imprisonment, 3 years supervised release; Count 3: 5 years imprisonment, 3 years supervised release; and Count 6: 5 years imprisonment, 3 years supervised release. ECF No. 702.

Defendant appealed his sentence on May 4, 2017. ECF No. 709. On August 8, 2019, the Ninth Circuit Court of Appeals reversed Count 1 and vacated Count 2, as well as the two-level increase, and the two-point enhancement for "grouping." ECF No. 927; *see also United States v. Arias*, 784 Fed. Appx. 485 (2019). In accordance with the Ninth Circuit Court of Appeals, the court vacated Defendant's convictions under Counts 1 and 2, and acquitted defendant of Count 2. ECF Nos. 932, 937.

On January 5, 2021, Defendant entered a guilty plea on the Indictment before Magistrate Judge Bordallo, ECF No. 1094, which this court accepted on January 27, 2021, ECF No. 1100. On April 28, 2021, Defendant was resentenced in an Amended Judgment as follows. Count 1: 168 months, 5 years supervised release; and Counts 3 & 6: Time Served, 5 years supervised release. ECF No. 1127.

On May 6, Defendant appealed the Amended Judgment. ECF No. 1131. On March 24, 2022, the Ninth Circuit Court of Appeals vacated the supervised release portion of the judgment, and remanded to this court to impose up to a three year term of supervised release on Counts 3 & 6. ECF No. 1187. On April 22, 2022, Defendant was resentenced accordingly. ECF No. 1193.

On March 25, 2022, Defendant filed the instant Motion for Compassionate Release. ECF No. 1188. Therein, Defendant states that he made an administrative request for compassionate release to the "BOP warden" and that it has "been over six months and no answer been [sic] received." Mot. at 3, ECF No. 1188. Therein, Defendant alleges that he suffers from diabetes, high blood pressure, and hyperlipemia. *Id.*

On April 19, 2022, the court appointed a Federal Public Defender to represent Defendant for the limited purpose of his Compassionate Release motion. ECF No. 1192. This was originally Leilani Lujan, but she withdrew as counsel due to conflicts of interest. ECF Nos. 1200, 1201. Thereafter, the court appointed a Federal Public Defender from the Central District of California, Jasmine Patel. ECF Nos. 1201-03. Ms. Patel requested extensions, which the court granted, thereby extending the briefing schedules by approximately three months. ECF Nos. 1205, 1212.

On August 26, 2022, Defendant filed a supplemental brief in support of his motion for compassionate release. ECF No. 1217. On September 22, 2022, Ms. Patel requested Defendant's waiver of appearance without having communicated with Defendant, due to communication issues at the USP Victorville. As such, the court takes the matter under submission and issues this written decision and order.

## II. Legal Standard

Pursuant to the First Step Act of 2018, a defendant can directly petition a court for a sentence reduction. First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). To grant a motion made pursuant to § 3582(c), a defendant must satisfy three requirements: first, a defendant must exhaust administrative remedies; second, the court must find that "extraordinary and compelling reasons warrant such a reduction"; and third, the court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. 18 U.S.C. § 3582(c). As the moving party, the defendant bears the burden of demonstrating the sentence reduction is warranted. *United States v. Heffington*, 476 F. Supp. 3d 1042, 1046–47 (E.D. Cal. 2020).

Courts have found that COVID-19 may present an "extraordinary and compelling" reason to grant a sentence reduction when the prisoner's health makes the prisoner particularly vulnerable should he contract COVID-19. *United States v. Burrill*, 445 F. Supp. 3d 22, 27 (N.D. Cal. 2020) (listing cases). However, "the mere existence of COVID-19 in society and the possibility that it may

spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

### III. Discussion

#### a. "Exhaustion" requirement

To satisfy the exhaustion requirement, the defendant-movant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or that 30 days have lapsed from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A)(i). The government can waive the exhaustion requirement by failing to assert the requirement or by asking the court to consider the substantive merits of a defendant's motion for compassionate release. *United States v. Russo*, 454 F. Supp. 3d 270, 275 (S.D.N.Y. 2020).

Here, Defendant filed a request with the Warden at USP Victorville in December 2021, and did not receive any response. Mot. at 3, ECF No. 1188. On July 22, 2022, Defendant's counsel submitted a formal request for compassionate release to the Warden at USP Victorville. Ex. 2 at 82, ECF No. 1217-1. The Warden acknowledged this request on July 25, 2022. *Id.* Thirty days have passed since these requests and the Warden's acknowledgment, without the Warden's response. Therefore, the court finds that Defendant has exhausted his administrative remedies.

#### b. "Extraordinary and Compelling Reasons" Requirement

Finding the exhaustion requirement is met, the court must next determine if "extraordinary and compelling reasons" warrant reduction of Defendant's sentence. The court analyzes Defendant's (1) medical conditions; (2) risk of infection at USP Victorville; and (3) Section 3553(a) factors.

##### 1. Defendant's Medical Condition

Here, Defendant states that he is "a Type 2 diabetic who also suffers from diabetic neuropathy, high blood pressure, hyperlipidemia, and being medically overweight." Supp. Mot. at 14, ECF No. 1217.

The CDC recognizes that diabetes, high blood pressure, and being overweight place an individual at either an increased risk or possible increased risk of severe illness from the COVID-19 virus.[2] Defendant's medical records support his representation that he suffers from diabetes, high blood pressure, hyperlipidemia, and being medically overweight. Ex. 1 at 34, 49, 76-78, ECF No. 1217-1. Importantly, Defendant's medical records also indicate that his diabetes, high blood pressure, and hyperlipidemia are being treated. *Id.*

District courts have recently denied compassionate release to inmates with the medical conditions that Defendant suffers from here, including, diabetes, high blood pressure, and being overweight.[3] Although it is true that Defendant's medical conditions unfortunately place him at possible risk of complications if he were to contract the COVID-19 virus, it does not appear that his conditions rise to the level of seriousness that would satisfy "extraordinary and compelling" reasons sufficient for compassionate release. Conversely, a host of factors support a finding that Defendant's concerns are mitigated.

First, Defendant's medical conditions are being treated. As it pertains to Defendant's diabetes, Defendant is prescribed Metformin. Ex. 1, ECF No. 1217-1 at 49-51, 77. "Although Type 2 diabetes

---

[2] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention (Updated Sept. 2, 2022), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

[3] *United States v. Iwai*, 2020 WL 6470167 (D. Haw. 2020) (denying sentence reduction for defendant with obesity, hypertension, and Type 2 diabetes); *United States v. Singui*, 2020 WL 2523114 (C.D. Cal. 2020) (finding defendant's hypertension, Type 2 diabetes, and high cholesterol are not sufficiently extraordinary and compelling reason to modify prison sentence); *United States v. Richmond*, 2020 WL 6478406 (E.D. Wa. 2020) (defendant with obesity, Type 2 diabetes, and hypertension did not show extraordinary or compelling reason for sentence reduction); *United States v. Shah*, 2020 WL 1934930 (E.D. Mich. 2020) (finding defendant's diabetes and hypertension and risk of contracting COVID-19 do not present extraordinary and compelling reason for early release); *United States v. Davis*, 2021 WL 1030152, at *3 (D. Or. March 17, 2021) (denying compassionate release to inmate with type 2 diabetes, obesity, hypertension, and hyperlipidemia).

is recognized as a COVID-19 risk factor, courts have routinely concluded that chronic conditions that can be managed in prison—such as Type 2 diabetes—are not a sufficient basis for compassionate release." *United States v. Larios Ornelas*, 2021 WL 4975425, at *2 (S.D. Cal. Oct. 25, 2021) (internal citations omitted). In the same vein, Defendant's hypertension and hyperlipidemia are being treated: the former with Lisinopril and the latter with Atorvastatin and Aspirin. Ex. 1, ECF No. 1217-1 at 49-51, 77.

Second, Defendant is vaccinated. Defendant received the Johnson & Johnson vaccine on May 13, 2021. Ex. 1, ECF No. 1217-1 at 29. The CDC states that the vaccines are "effective in preventing COVID-19" and "[g]etting vaccinated prevents severe illness, hospitalizations, and death."[4] Furthermore, "COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants."[5]

Thus, given Defendant's age (47 years-old) and vaccination status, as well as BOP's treatment of his diabetes, hypertension, and hyperlipidemia, the court finds that Defendant's remaining medical condition, being overweight, "alone fails to significantly increase his risk from COVID-19 to constitute extraordinary and compelling reasons for release." *United States v. Wells*, 2020 WL 5118165, at *2 (W.D. Wash. Aug. 31, 2020) (discussing obesity).

Accordingly, Defendant's conditions do not rise to the level of being "extraordinary and compelling" reasons to warrant a reduction of Defendant's sentence.

### 2. Defendant's Risk of Infection at USP Victorville

The court also takes into consideration the actual risk of infection at the facility Defendant is currently serving his sentence. *United States v. Rodriguez*, 454 F. Supp. 3d 224,

---

[4] https://www.cdc.gov/aging/covid19/covid19-older-adults.html (accessed September 22, 2022 at 11:01 AM).

[5] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (accessed September 22, 2022 at 11:02 AM).

228 (S.D.N.Y. Apr. 14, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant is currently incarcerated at United States Penitentiary Victorville in Victorville, California.[6] As of September 14, 2022, USP Victorville has three confirmed active COVID-19 cases.[7] The prison has taken precautions and modified its operations pursuant to the BOP's plan to mitigate the risks of COVID-19 transmission in prisons.[8] As a result, it is not evident that Defendant is at an increased risk of contracting COVID-19 to sufficiently merit a sentence reduction.

### 3. Section 3553(a) Factors

Even if the court were to find that Defendant's medical conditions constitute "extraordinary and compelling" reasons to grant a reduction, the court must still consider the section 3553(a) factors and can find that compassionate release is not warranted if these factors are overriding. *United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020). The applicable factors include the nature and circumstances of the offense, the need for the sentence imposed, and the sentencing range as established by the Sentencing Commission. *United States v. Hernandez*, 795 F.3d 1159, 1168 (9th Cir. 2015).

Here, Defendant pled guilty to one count of Conspiracy to Distribute Methamphetamine, and two counts of Unlawful Use of Mail to Facilitate the Conspiracy to Distribute Methamphetamine. ECF No. 1094. Defendant is convicted of a serious offense and has not demonstrated that he would

---

[6] *BOP: Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed September 22, 2022 at 11:08 AM).

[7] *BOP: COVID-19 update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (last accessed September 14, 2022 at 11:56 AM).

[8] *Id.*

not be a danger to the community if he were to be released. Defendant supplied large amounts of methamphetamine to his co-defendant in Guam, seeking to capitalize on the lucrative product and addiction of the citizens of Guam. Defendant's anticipated release date is May 9, 2026.[9] As of the date of this order, Defendant has served approximately 8 years, 6 months and 6 days, or approximately 60%, of his 168 months full sentence, or approximately 69% of his statutory sentence. If the court were to reduce Defendant's sentence to time served, this sentence would not reflect the seriousness of his offense.

### IV. Conclusion

Based on the foregoing, Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 1188, is **DENIED**.

September 23, 2022

The Honorable Alex R. Munson
Senior Judge, District Court of Guam

---

[9] *BOP: Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed September 22, 2022 at 11:08 AM).